1  XAVIER BECERRA
   Attorney General of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  HADARA R. STANTON, State Bar No. 227040
   DANE C. BARCA, State Bar No. 294278
4  JULIA A. CLAYTON, State Bar No. 233459
   Deputy Attorneys General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 510-3432
    Fax:  (415) 703-5480
7   E-mail:  Julia.Clayton@doj.ca.gov
   *Attorneys for Defendant Mark Ghaly,*
8  *in his official capacity as Secretary of the*
   *California Health & Human Services Agency*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **BRUCE ANDERSON, JOHN WILSON, ROBERT AUSTIN and CALIFORNIA ADVOCATES FOR NURSING HOME REFORM, a California non-profit corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**MARK GHALY, in his official capacity as Secretary of the CALIFORNIA DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>Defendant. | 4:15-cv-05120-HSG<br><br>**MOTION PURSUANT TO LOCAL RULE 6-3 TO EXTEND TIME FOR SECRETARY TO OPPOSE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF JULIA A. CLAYTON IN SUPPORT THEREOF; [PROPOSED] ORDER** |

1

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

# INTRODUCTION

Defendant Mark Ghaly, named in his official capacity as Secretary of the California Health and Human Services Agency (Secretary), moves for an order pursuant to Local Rule 6-3 extending the time for the Secretary to file an opposition to Plaintiffs' Motion for Preliminary Injunction. The Secretary requests a two-week extension of the due date for this opposition, from April 17, 2020 to May 1, 2020, due to the limited availability of counsel and broader constraints associated with public health emergency and shelter-in-place orders concerning the COVID-19 pandemic. Counsel for the parties were not able to reach a stipulation regarding the briefing schedule for the Secretary's opposition despite the fact that named Plaintiffs did not indicate that they would suffer any prejudice with the requested extension of time. Therefore, the Secretary files this motion. As good cause exists for this extension as set forth below, the Secretary requests that additional time be granted for the Secretary to adequately prepare an opposition to the Motion for Preliminary Injunction.

# FACTUAL BACKGROUND

Plaintiffs filed their Motion for Preliminary Injunction on April 3, 2020. Dck. 57.[1] The Secretary's opposition is currently due on April 17, 2020. However, in compliance with the Governor's and local executive orders requiring individuals shelter-in-place through May 1, 2020 to reduce the spread of the COVID-19 virus, counsel for the Secretary have been working remotely and with minimal access to their offices and administrative resources. (Clayton Decl. ¶ 2.) Counsel's ability to prepare the Secretary's opposition has also been limited due to Deputy Attorney General Hadara Stanton being away from work between April 8 and 10, 2020 in observance of Passover, and Deputy Attorney General Dane Barca's departure on paternity leave beginning April 10, 2020. (Clayton Decl. ¶ 3.)

On April 8, 2020, I contacted Plaintiffs' counsel by email to discuss an extension of time to submit the Secretary's response to the Motion for Preliminary Injunction. (Clayton Decl. 5.) We

---

[1] Plaintiffs also filed a Motion for Partial Summary Judgment on April 3, 2020. Dck. 56.

2

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

were not able to reach an amenable stipulation regarding the deadline for the Secretary's opposition. (Clayton Decl. 5.) It is therefore necessary to move for this extension of time.

**LEGAL STATEMENT**

**A. Good Cause Exists for Extending the Time for the Secretary to Prepare an Opposition to the Motion for Preliminary Injunction**

The Secretary seeks a short two-week extension to respond to the Plaintiffs' Motion for Preliminary Injunction. Counsel for the Secretary is operating with limited availability—both Deputy Attorneys General Hadara Stanton and Dane Barca being out of office for personal matters, and all members of the Secretary's legal counsel working with limited resources in conjunction with shelter-in-place and other emergency public health orders. (Clayton Decl. ¶¶ 2 & 3.) Accordingly, good cause exists for permitting additional time for the Secretary to adequately respond to the pending Motion for Preliminary Injunction.

**B. There is No Prejudice to Named Plaintiffs in Allowing An Additional Two Weeks for the Secretary's Opposition**

Plaintiffs' Motion for Preliminary Injunction does not indicate whether any of the named plaintiffs are currently hospitalized, have a pending readmission, or that a skilled nursing facility is rejecting their return. Dck. 57. Thus, no prejudice will occur to the named plaintiffs if the Secretary is granted two additional weeks to submit his opposition to the Motion for Preliminary Injunction.

**C. This is the Secretary's First Request for Additional Time and It Is Unlikely to Impact the Court's Calendar**

Plaintiffs filed the Motion for Protective Order less than a week ago, and this is the first time the Secretary has sought additional time in conjunction with the Motion. (Clayton Decl. 4.) At present, pending civil law and motion matters are being decided by written submissions and oral arguments are not being held. (Please see General Order Nos. 72 and 73, as well as this Chamber's current scheduling notes.)[2] The Court's orders indicate that these COVID-19 related restrictions will be in place through May 1, 2020, and may be continued or extended depending

---

[2] https://apps.cand.uscourts.gov/CEO/cfd.aspx?7151#Notes (last accessed April 9, 2020).

3

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

on the circumstances. The Secretary's request for additional time to prepare his opposition is thus unlikely to impact the Court's calendar. Nor is it likely to effect the dates previously set for discovery, motion practice, or trial as set forth in the Court's February 20, 2020 Case Scheduling Order. Dck. 49.

The Secretary's request for an extension of time thus satisfies the requirements of Local Rule 6-3. Good cause exists to allow an additional two weeks for the Secretary to adequately respond to the pending Motion for Preliminary Injunction.

## CONCLUSION

For all the foregoing reasons, this Court should grant the Secretary's request to extend the due date for his opposition to the Motion for Preliminary Injunction to May 1, 2020.

Dated: April 9, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
SUSAN M. CARSON
Supervising Deputy Attorney General

/s/ Julia A. Clayton
JULIA A. CLAYTON
Deputy Attorney General
*Attorneys for Defendant Mark Ghaly,
in his official capacity as
Secretary of the California Health &
Human Services Agency*

SF2015403249/Anderson Admin Motion for EOT to oppose PI (003).docx

4

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

# DECLARATION OF JULIA A. CLAYTON IN SUPPORT OF MOTION AND [PROPOSED] ORDER

I, JULIA A. CLAYTON, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am a Deputy Attorney General for the California Attorney General's Office, which represents defendant Mark Ghaly, named in his official capacity as Secretary of the California Health and Human Services Agency (Secretary) in the above-captioned action. The facts set forth herein are known to me to be true, and if called upon, I could competently testify thereto.

2. Along with my colleagues in the Attorney General's Office, I have been working remotely and sheltering in place in compliance with the Governor's and local Bay Area counties' orders regarding the COVID-19 pandemic. Our access to office files and administrative support systems have been significantly reduced during this time.

3. I filed my Notice of Appearance in this matter on April 7, 2020. I joined my colleagues Deputy Attorneys General Hadara Stanton and Dane Barca to assist with the Secretary's responses to Plaintiffs' Motion for Preliminary Injunction and Motion for Partial Summary Judgment, both of which were filed last week on April 3, 2020. I am also supporting the Secretary's representation by providing coverage for my colleagues while they are out of the office—Dane Barca is beginning paternity leave on April 10, 2020, and Hadara Stanton is observing Passover April 8-10, 2020.

4. This is the Secretary's first request for an extension of time associated with the pending Motion for Preliminary Injunction.

5. On April 8, 2020, I contacted Plaintiffs' counsel by email to discuss the need for additional time to prepare the Secretary's response to the pending Motion for Preliminary Injunction. Plaintiffs' counsel refused to agree to an extension of time for the Secretary to file an opposition to the Motion for Preliminary Injunction. A true and correct copy of the email correspondence between myself and Plaintiffs' counsel regarding the proposed extension of time is attached hereto as Exhibit A.

5

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Emeryville, California on April 9, 2020.

                                           */s/ Julia A. Clayton*
                                             Julia A. Clayton

6

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)

**EXHIBIT A**

| From: | Julia Clayton |
|---|---|
| Sent: | Thursday, April 9, 2020 3:52 PM |
| To: | Matt Borden; Athul Acharya; Cameron Baker; Noah Hagey |
| Cc: | Susan Carson; Dane Barca; Hadara Stanton |
| Subject: | RE: Anderson v. Ghaly (4:15-cv-05120-HSG) - plaintiffs' motion for prelim injunction |

Mr. Borden,

Having reviewed plaintiff's proposed stipulation to: (1) not oppose the requested preliminary injunction, or (2) to accept a much shortened alternative briefing schedule, it appears that we'll need to proceed with asking the Court for additional time for the Secretary's opposition.

Regards,
Julia

---

**From:** Matt Borden <borden@braunhagey.com>
**Sent:** Thursday, April 9, 2020 11:58 AM
**To:** Julia Clayton <Julia.Clayton@doj.ca.gov>; Athul Acharya <Acharya@braunhagey.com>; Cameron Baker <baker@braunhagey.com>; Noah Hagey <hagey@braunhagey.com>
**Cc:** Susan Carson <Susan.Carson@doj.ca.gov>; Dane Barca <Dane.Barca@doj.ca.gov>; Hadara Stanton <Hadara.Stanton@doj.ca.gov>
**Subject:** RE: Anderson v. Ghaly (4:15-cv-05120-HSG) - plaintiffs' motion for prelim injunction

Ms. Clayton, nice to virtually meet you and thanks for the email.

As you know, the pending motion for a preliminary injunction seeks emergent relief in light of the current circumstances, when it is unconscionable to allow even one nursing home resident to unnecessarily occupy a hospital bed. We did not move to shorten time out of the gate to avoid overburdening the Court. However, intervening events have made the relief we are seeking even more pressing. Most significantly, on April 6, 2020, the Judicial Council issued an emergency order prohibiting all evictions. While we believe that this is a good policy, it will cause an even greater uptick in hospital dumping because of the State's ongoing refusal to follow federal law. Accordingly, we do not want to delay the ruling on the motion for the preliminary injunction and believe that it should occur as quickly as possible.

In the spirit of compromise, if the State will stipulate to the relief that we are seeking in the pending motion for a preliminary injunction (we submitted the proposed order with the filing), or stipulate to shorten time on the motion for a preliminary injunction for the sake of all the people it will protect, we will agree to postpone the briefing on Plaintiffs' motion for summary judgment by two weeks. Frankly, we do not see how the State in good conscience would oppose either motion given the State's admissions that it does not have any evidence to support any of its positions. But here is the schedule we propose, assuming it is acceptable to the Court: State's Opposition due on April 13; Plaintiffs' Reply due on April 16; hearing on April 30.

Absent such agreement, Plaintiffs disagree with the State's request. We told the State that we would be filing a motion for a preliminary injunction seven weeks ago on the record at the Case Management Conference on February 19, 2020. The issues involved are not difficult. Judge Gilliam has already resolved all the legal questions in his ruling on the State's motion to dismiss. And the State has not produced any documents, so the factual record is not large either – nor could it be. The State has multiple lawyers who are familiar with this matter (many of whom I've met with personally), including its lead counsel of record Susan Carson who successfully argued the State's first motion to dismiss. At the same time, the State has had no problem making its own filings – which lack merit and are only designed to delay

adjudication on the merits – and has refused to agree to any form of ADR notwithstanding Judge Gilliam suggestion to the contrary, which is what necessitated the motions that are now pending.

In sum, the State has had every opportunity to avoid these motions. It has had 8 weeks to secure coverage in light of two known events. It has a stable of lawyers familiar with this case. And it has unlimited legal resources, which it has unfortunately chosen to misuse fighting against its most vulnerable citizens instead of doing the right thing. So we do not see any basis for delaying getting Judge Gilliam our briefing so he can decide our motion as quickly as possible.

When I saw you appear in the case, I had hoped that it meant that the State was going to change the wasteful course it is tacking. We urge you and your client to stipulate to the proposed injunction to protect the public interest and California's most vulnerable citizens in this time of peril. If the State persists in filing a motion to delay this case, please attach this email so that the Court is aware of our position, and be advised that we will seek the above schedule in our opposition.

Glad to jump on a call to discuss.

Regards,

Matt

Matthew Borden
**BRAUNHAGEY & BORDEN** LLP
Office: (415) 599-0212

---

**From:** Julia Clayton <Julia.Clayton@doj.ca.gov>
**Sent:** Wednesday, April 8, 2020 12:26 PM
**To:** Athul Acharya <Acharya@braunhagey.com>; Matt Borden <borden@braunhagey.com>; Cameron Baker <baker@braunhagey.com>; Noah Hagey <hagey@braunhagey.com>
**Cc:** Susan Carson <Susan.Carson@doj.ca.gov>; Dane Barca <Dane.Barca@doj.ca.gov>; Hadara Stanton <Hadara.Stanton@doj.ca.gov>
**Subject:** Anderson v. Ghaly (4:15-cv-05120-HSG) - plaintiffs' motion for prelim injunction

Counsel,

I am writing to introduce myself and discuss the upcoming deadline for the Secretary to respond to plaintiffs' pending motion for preliminary injunction. I will be assisting for the next few weeks while Dane Barca is out on paternity leave. Our colleague Hadara Stanton will also be unavailable the remainder of this week in observance of Passover. Given these and other contingencies – chiefly, the shelter-in-place orders we are operating under which require us to work remotely and without access to our offices – I would like to ask if plaintiffs would be amenable to a two-week extension of the deadline for the Secretary's opposition. This will move the current due date from April 17, 2020 to May 1, 2020.

Please let me know before noon tomorrow (4/9/2020) whether plaintiffs are willing to stipulate to this extension or will oppose it.

Thanks much,
Julia

Julia A. Clayton
Deputy Attorney General
California Department of Justice

455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

2

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that the April 17, 2020 deadline for Mark Ghaly, named in his official capacity as Secretary of the California Health and Human Services Agency, to oppose Plaintiffs' Motion for Preliminary Injunction be extended to May 1, 2020.

Dated: 4/13/2020

*Haywood S. Gilliam Jr.*
The Honorable Haywood S. Gilliam, Jr.

7

Motion Pursuant to Local Rule 6-3 to Extend Time for Secretary to Oppose Motion for Preliminary Injunction; Clayton Declaration in Support Thereof; [Proposed] Order (Case No. 4:15-cv-05120-HSG)