UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ANDERSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DIANA DOOLEY, et al.,<br><br>    Defendants. | Case No. 15-cv-05120-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS DECEASED PLAINTIFF**<br><br>Re: Dkt. No. 79 |

Pending before the Court is the motion filed by Defendant Mark Ghaly's ("Defendant"), in his official capacity as Secretary of the California Health and Human Services Agency, to dismiss deceased plaintiff John Wilson ("Wilson") pursuant to Federal Rule of Civil Procedure 25(a)(1), ("Motion," Dkt. No. 79), for which briefing is complete. Dkt. No. 85 ("Opp."); Dkt. No. 86 ("Reply"). For the reasons set forth below, the Court **GRANTS** the Motion.

I.  **BACKGROUND**[1]

On September 27, 2019, Plaintiffs Bruce Anderson, Robert Austin, John Wilson ("Wilson"), and California Advocates for Nursing Home Reform ("CANHR," and collectively, "Plaintiffs") filed their First Amended Complaint. Dkt. No. 35 ("FAC"). The FAC alleged that Wilson "passed away while this case was on appeal" before the Ninth Circuit. *Id.* ¶ 16. After service of the FAC, Defendant propounded discovery requests on Plaintiffs, specifically seeking the identity of the person or persons representing the legal interests of Wilson after his passing. Dkt No. 79-1 ("Barca Decl.") at ¶ 3. Plaintiffs objected to these requests and did not provide

---

[1] This case's history and factual background are well-documented, and the Court only recites the necessary factual background here.

1  responsive documents or information. *Id.*[2]

## II. DISCUSSION

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "Whether an action survives depends on the substance of the cause of the action, not on the forms of proceeding to enforce it." *Gerling v. Baltimore & O.R. Co.*, 151 U.S. 673, 692 (1894). Generally, the law of the forum state determines whether a § 1983 action survives or is extinguished upon the death of a party. 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978). In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). The death of Wilson accordingly did not automatically extinguish his declaratory relief and § 1983 claims.

However, Defendant, citing *LN Mgmt., LLC v. JPMorgan Chase Bank*, N.A., 957 F.3d 943, 953 (9th Cir. 2020), contends that a deceased plaintiff "cannot avail himself of the jurisdiction of the federal courts" because "[t]here is no plaintiff with standing, if there is no plaintiff." Mot. at 4. Therefore, Defendant contends that because Wilson is deceased, he lacked standing to file or pursue the claims in the FAC and lacks Article III standing to litigate. *Id.*; *see also LN Mgmt.*, 957 F.3d at 955 ("We therefore join our sister circuits in holding that a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit.").

The Ninth Circuit, while addressing only whether a deceased plaintiff can file an action, confirmed that claims must be "maintained" by a live person with specific, legally defined ties to the decedent. *Id*. Although it is clear that Wilson originally had standing to participate in this action, because Wilson predeceased the filing of the FAC, he lacked standing to bring or pursue

---

[2] Plaintiffs claim that they previously inform Defendant about Wilson's passing. *See* Declaration of Gunnar K. Martz (Dkt. No. 85-1, "Martz Decl.") Ex. 1 at 2 (August 22, 2019 letter indicating that "John Wilson [] died after we filed this case"); *see also id.* Ex. 2 at 3 (September 3, 2019 letter indicating the same). However, these notices only mention Wilson's death in passing, and do not provide either the date of Wilson's passing or the identity of his successor-in-interest.

the claims in in the current operative pleading (the FAC) in this matter.  Without Article III standing, this Court lacks jurisdiction over Wilson and, accordingly, he must be dismissed from this litigation.  *See Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) ("when a plaintiff files an amended complaint, [t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent"); *Cetacean Com. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).[3]

### III. CONCLUSION

Accordingly, because Wilson lacks standing to pursue the claims pending in this action and the Court lacks jurisdiction over Wilson, the Motion is **GRANTED**.  The Clerk is directed to dismiss Wilson from the action.

**IT IS SO ORDERED.**

Dated:  11/12/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Because the Court finds that Wilson does not have standing to pursue the claims in the FAC, the Court need not address Plaintiffs' contentions regarding substitution or whether a statement noting death has been served pursuant to Rule 25.