UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIANA DOOLEY, et al.,<br><br>Defendants. | Case No. 15-cv-05120-HSG<br><br>**ORDER AND NOTICE OF INVITATION TO FILE AMICUS CURIAE BRIEF**<br><br>Re: Dkt. No. 99 |

This case challenges the legality under federal law of California's process for nursing home residents to appeal transfer and discharge decisions. Plaintiffs' 42 U.S.C. § 1983 claim is based on alleged violations by the State of California of the Federal Nursing Home Reform Act ("FNHRA")—namely 42 U.S.C. §§ 1395i-3(e)(3), 1396r(e)(3) and relevant implementing regulations, especially 42 C.F.R. § 431.246. *See* Dkt. No. 35 ("FAC") ¶ 66. The United States Center for Medicare and Medicaid Services ("CMS") is the federal agency charged with promulgating the regulations at issue. Both Plaintiffs and Defendant contend that CMS supports their position in this litigation. *See* FAC ¶ 8 ("Over 10 years ago, the United States Center for Medicare & Medicaid Services ('CMS'), the federal agency Congress tasked with administering the Medicaid Act, told the State that its procedures had to provide for prompt readmission for residents who prevailed at their federally-mandated hearings. More than seven years ago, CMS expressly told the State that its failure to enforce DHCS decisions violated the law. . . ."); Dkt. No. 100 ("[T]he clearest expression of CMS's perspective is already in the record, in the form of CMS's approval of, as consistent with the requirements of federal law, California's State Medicaid Plan (State Plan) readmission hearing processes and enforcement.").

Given that both parties rely on CMS's past actions as well as alleged evidence of CMS's

acceptance or criticism of California's nursing home readmission process, the Court believes that it would be helpful to hear directly from CMS, or from the Department of Health and Human Services ("HHS") Office of General Counsel, regarding Plaintiffs' claims and the parties' litigation positions before ruling on Defendant's currently pending motion for summary judgment.

The Court is interested in the following topics and invites CMS to address them, as well as any other relevant issue, as fulsomely as possible:

1. Given the holding by the Ninth Circuit that "[t]he right to an appeal under FNHRA…includes within it provision for some state-provided process capable of providing relief," *Anderson v. Ghaly*, 930 F.3d 1066, 1075 (9th Cir. 2019), does CMS believe that the process provided by California to wrongfully discharged or transferred nursing home residents is sufficient to provide relief under FNHRA and its implementing regulations?

2. Does CMS believe that FNHRA and its implementing regulations require that California provide an administrative procedure to enforce a successful appeal of a transfer or discharge decision and ensure readmission?

3. Does CMS believe that a private right of action for wrongfully transferred or discharged nursing home residents under Cal. Health & Safety Code § 1430(b) is sufficient to ensure the right to a meaningful appeal under FNHRA?

4. If Plaintiffs' allegations are true that no nursing home residents have successfully pursued a private right of action, FAC ¶ 9, does CMS believe that would make any remedy provided through a private right of action insufficient, particularly in light of 42 C.F.R. 430.35(c), which provides that "[a] question of noncompliance in practice may arise from the State's failure to actually comply with a Federal requirement, regardless of whether the plan itself complies with that requirement"?

5. If Plaintiffs' allegations are true that the California Department of Health Care Services ("DHCS") will not enforce its own decisions and the California Department of Public Health takes the position that it is not bound by DHCS hearing results, FAC ¶ 4, does that render the California process insufficient in

CMS's view?

6. If CMS believes California's process is insufficient in any of the above regards, why has CMS not sought to withhold federal funds to remediate the failure in accordance with 42 C.F.R. § 430.35?

7. Would CMS be willing to voluntarily participate in a magistrate judge settlement conference in this matter if the parties are ordered to do so?

Neither party objects to the Court seeking the input of CMS on the issues raised by this case. *See* Dkt. No. 100; Dkt. No. 101. Accordingly, the Court **INVITES** CMS, or the HHS Office of General Counsel, to file an *amicus curiae* brief on the Court's docket by May 21, 2021. The Court will provide notice of this invitation to the CMS Regional Office. The Court also accepts Defendant's offer to reach out to the HHS Office of General Counsel regarding this invitation. If CMS, or the HHS Office of General Counsel, submits an *amicus curiae* brief, both parties will be given an opportunity to respond through supplemental briefing.

The Clerk is **DIRECTED** to serve this Order and Notice of Invitation to File Amicus Brief on the CMS Regional Office:

Office of the Regional Administrator

90 7th Street, Suite #5-300 (W)

San Francisco, CA 94103-6706

Email: ROSFOORA@cms.hhs.gov

Fax: 415-437-8004

All proceedings in this case will be **STAYED** until May 21, 2021 pending a response by CMS. The May 25, 2021 pretrial conference and the June 14, 2021 trial are **VACATED.**

**IT IS SO ORDERED.**

Dated: 3/30/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge